IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PAULA D. CURRAN                                                                                          PLAINTIFF

VS.                                           CIVIL NO. 04-3045

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                                 DEFENDANT

**MEMORANDUM OPINION**

Paula Curran ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits ("SSI"), under Title XVI of the Act.

**Background:**

The application for SSI now before this court was filed on May 20, 2002, alleging an onset date of October 1, 2000, due to borderline intellectual functioning ("BIF"), anxiety-related disorders, and post-traumatic stress disorder ("PTSD"). (Tr. 12, 48-50, 61). An administrative hearing was held on October 7, 2003. (Tr. 317-384). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, on October 7, 2003, plaintiff was thirty-three years old and possessed a tenth grade education. (Tr. 329). The record reflects that plaintiff had past relevant work ("PRW") experience as a press operator doing book binding, stocker, housekeeper, dishwasher, and a cook in a dairy bar. (Tr.12).

On March 12, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's PTSD, BIF, and anxiety-related disorders did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 15-16). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual

functional capacity ("RFC"), to perform light work with only mental limitations. With the assistance of a vocational expert, he then found that plaintiff could still perform work as a housekeeper or machine operator. (Tr. 16).

On May 15, 2004, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties were afforded an opportunity to file appeal briefs, however, the plaintiff chose not to do so. (Doc. # 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir.2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir.2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir.2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year

2

and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to question the vocational expert ("VE"), concerning plaintiff's BIF. The United States Court of Appeals for the Eighth Circuit has held that BIF represents a significant nonexertional impairment that must be considered by a VE. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997). In the present case, the ALJ concluded that plaintiff suffered from BIF, and the record clearly supports this conclusion. (Tr. 14).

3

On July 30, 2002, plaintiff underwent an intellectual assessment, mental status, and adaptive functioning examination with Dr. Stephen Harris. (Tr. 138). Plaintiff told the doctor that she had a ninth grade education, stating that her classes included both special education and regular classes. (Tr. 139). IQ testing revealed that her overall level of intellectual functioning was sixty-seven, noted to be in the mild range of retardation. Following a review of her adaptive functioning, Dr. Harris concluded that her adaptive functioning and intellectual ability appeared to be in the high range of mild mental retardation to borderline ability. (Tr. 143). Therefore, he diagnosed her with PTSD, bipolar disorder not otherwise specified, attention deficit/hyperactivity disorder ("ADHD") not otherwise specified, and BIF. (Tr. 142). Her global assessment of functioning score was fifty-four. (Tr. 142).

On August 9, 2002, Dr. Dan Donahue, a non-examining, consultative psychologist, completed a mental RFC assessment and a psychiatric review technique form. (Tr. 148-153, 157-170). After reviewing her medical records, he concluded that plaintiff was suffering from depression, BIF, and anxiety, resulting in moderate restrictions in the areas of activities of daily living, maintaining social functioning, and maintaining concentration. (Tr. 157, 160-162, 167). Dr. Donahue noted one or two episodes of decompensation. (Tr. 167).

On November 22, 2002, a second non-examining, consultative psychologist diagnosed plaintiff with anxiety and a borderline IQ. (Tr. 180, 190). The psychologist then stated that plaintiff had mild restrictions in the area of activities of daily living, with moderate restrictions concerning her ability to maintain social functioning and maintain concentration, persistence, or pace. (Tr. 190). As for episodes of decompensation, the consultative psychologist indicated that the evidence was insufficient to make a determination. (Tr. 190).

In spite of this evidence, in the hypothetical question posed by the ALJ to the VE, the ALJ

4

merely stated that plaintiff had a marginal education and could perform work that required only incidental interpersonal contact; tasks learned by rote; no independent judgment; and, supervision limited to instructions regarding the duties of the job without constant or overriding supervision. (Tr. 373-374). He failed to include plaintiff's BIF in this hypothetical. "If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or it is otherwise inadequate, a VE's response cannot constitute substantial evidence to support a conclusion of no disability." *See Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998). Therefore, remand is necessary to allow the ALJ to re-examine plaintiff's mental impairment and question the VE accordingly. *See Foreman,* 122 F.3d at 26.

In addition, the ALJ failed to discuss the mental RFC assessment prepared by Dr. Harris, an examining psychologist. On December 9, 2003, Dr. Harris reported that plaintiff had a fair ability to follow work rules; relate to co-workers; deal with the public; use judgment; interact with supervisors; deal with work stresses; maintain attention and concentration; understand, remember, and carry out detailed job instructions; maintain personal appearance, behave in an emotionally stable manner; relate predictably in social situations; and, demonstrate reliability. (Tr. 207-208). He also concluded that plaintiff's ability to function independently and understand, remember, and carry out complex job instructions was poor. (Tr. 207-208).

While the undersigned is aware that Dr. Donahue determined that plaintiff had only moderate limitations concerning her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday; and interact appropriately with the general public, we also note that Dr. Donahue never examined the plaintiff. (Tr. 149). Therefore, given the fact that the record contained three RFC assessments, only one of which

5

was from an examining psychologist, namely Dr. Harris, the ALJ should have at least considered that report. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). As the ALJ failed to even mention Dr. Harris' opinion, we believe that remand is necessary to allow for further consideration of the evidence. On remand, the ALJ is directed to discuss Dr. Harris' evaluation, and provide "good reasons" for the particular weight given to it. 20 C.F.R § 404.1527(d)(2); *see also* S.S.R. 96-2p; *See Prosch v. Apfel*, 201 F.3d at 1010, 1012-13 (8th Cir. 2000).

After reviewing all of the evidence, we also note that the record does not contain an RFC from any of plaintiff's treating physicians. Therefore, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 24th day of August 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)